UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO PRESTON,

                Petitioner,

v.                                                                 Case No.  8:05-cv-53-T-24TBM

JAMES V. CROSBY, JR.,

                Respondent.
_____

## ORDER

This cause is before the Court on Petitioner Mario Preston's 28 U.S.C. § 2254 petition for writ of habeas corpus.  Preston challenges his convictions and sentences entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

## PROCEDURAL HISTORY

On October 23, 2000, Preston pled guilty to murder in the second degree with a firearm (count one), and attempted robbery with a firearm (count two) in case no. 98-22353. That same day, the state trial court sentenced Preston to thirty-five years incarceration with a three-year minimum mandatory sentence on count one, and to fifteen years incarceration with a three-year minimum mandatory sentence on count two. The sentences were concurrent. Preston did not directly appeal his conviction.

On July 27, 2001, Preston filed a *pro se* motion for state postconviction relief pursuant to Fla. R. Crim. P. 3.850 raising four grounds for relief:

    1) Trial counsel was ineffective for not challenging in limine any evidence of population frequencies the State might use at trial;

> 2) Trial counsel was ineffective for not moving to suppress the DNA evidence and other items of clothing that were seized in violation of the Fourth Amendment;
>
> 3) Trial counsel was ineffective for not preparing a defense that police planted the victim's blood and his blood on clothing items recovered from his residence;
>
> 4) Trial counsel was ineffective for not preparing an alibi defense or a defense of misidentification.

(Resp. Ex. 002).

Preston argued, that, but for counsel's ineffectiveness, Preston would not have pled guilty, but, instead, would have gone to trial. On February 1, 2002, the state trial court addressed Preston's claims for relief in its "Order Denying, in Part, Motion For Postconviction Relief and Order to Respond." (Resp. Ex. 003). The state trial court determined Preston was not entitled to relief on ground two, noting Preston failed to show counsel knew that a valid basis existed to suppress the evidence. (Resp. Ex. 003 at 83). The state trial court determined it was unable to refute grounds one, three, and four and ordered the State to file a response to those grounds.

In its April 10, 2002, response, the State conceded the necessity of an evidentiary hearing on grounds three and four. However, the State argued that the state trial court should deny Preston an evidentiary hearing on ground one. (Resp. Ex. 004 at 174). On November 22, 2002, the state trial court granted Preston an evidentiary hearing on grounds one, three, and four. (Resp. Ex. 005).

On March 27, 2003, the state trial court held the evidentiary hearing. (Resp. Ex. 006). At that hearing, both Preston and his trial counsel, Brian Gonzalez, Esq., testified. On June 5, 2003, the state trial court denied Preston's Rule 3.850 motion. (Resp. Ex. 007).

On June 23, 2003, Preston filed his *pro se* Motion for Rehearing, and Notice of Filing Newly Discovered Evidence. (Resp. Ex. 008). On August 28, 2003, the state trial court denied Preston's motion for rehearing. (Resp. Ex. 009).[1] On September 23, 2003, Preston filed his Notice of Appeal of the state trial court's final order denying Preston's motion for postconviction relief.

On October 1, 2004, the state district court of appeal per curiam affirmed the state trial court's June 5, 2003 order denying Preston's motion for postconviction relief. See Preston v. State, 888 So.2d 34 (Fla. 2d DCA 2004)(Table). The mandate issued October 27, 2004. Preston then timely filed the present 28 U.S.C. §2254 petition.

### STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. Williams v. Taylor, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it

---

[1] The state trial court ordered the State to respond to Preston's Notice of Filing New Evidence. The new evidence was an affidavit from an inmate, Nicholas Washington, who alleged that another inmate Guido Paul Jean had told Washington that Jean had committed the crime for which Preston was incarcerated. The State's response is not in the record, nor is the final disposition of the newly-discovered evidence issue. However, because Preston does not raise this claim in the present petition, the omission from the record does not prevent this Court from ruling on Preston's present claims.

must be demonstrated that the state court decision was "objectively unreasonable." Id. Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002).

Ineffective Assistance of Counsel Standard

To have a facially valid claim in alleging ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland's two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. However, if a claim fails to satisfy the second prejudice component, the court need not make a ruling on the performance component.

DISCUSSION

The issues have been fully briefed and the case is ready for decision. No evidentiary hearing is necessary because the record is fully developed and the claims of the Petition raise issues of law, not issues of fact. All of the claims lack merit and the Petition will be **DENIED**.

**Ground One**

**WHETHER PRESTON WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY VIRTUE OF TRIAL COUNSEL'S FAILURE TO MOVE TO SUPPRESS THE DNA EVIDENCE AND OTHER ITEMS OF CLOTHING THAT WERE SEIZED FROM CAPRICE JOHNSON'S APARTMENT IN VIOLATION OF THE FOURTH AMENDMENT.**

Preston pled guilty in the present case. The Supreme Court has given finality to voluntary guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Preston has failed

to establish that his negotiated plea was involuntary; therefore, his claim of ineffective assistance of counsel is procedurally barred. Alternatively, Preston has not met the Strickland standard.

As part of their investigation in this case, detectives seized items of clothing and a pair of blood-stained tennis shoes from Caprice Johnson's residence. Caprice Johnson was Preston's girlfriend.

Detectives gave the items to the Florida Department of Law Enforcement "FDLE" for DNA laboratory analysis. In ground two of Preston's July 27, 2001, motion for postconviction relief, Preston alleged counsel was ineffective for failing to move to suppress DNA evidence and other items of clothing that were allegedly seized in violation of the Fourth Amendment. (Resp. Ex. 002 at 65). According to the Preston's postconviction motion, detectives went to Caprice Johnson's house and asked for her consent to search her house. (Resp. Ex. 002 at 65). Although Preston acknowledges Johnson consented to the search, Preston alleges Johnson was unduly pressured by the detectives to turn the seized items over to them. Preston claims that had trial counsel challenged this evidence, Preston would not have pled guilty but would have proceeded to trial.

In its February 1, 2002, order summarily denying the this claim of ineffectiveness, the state trial court noted that in order to prevail on a claim concerning counsel's failure to seek suppression of the evidence, a defendant must show that counsel knew a valid basis existed to suppress the evidence, yet failed to act accordingly. (Resp. Ex. 003 at 82-83).

The state trial court then concluded Preston failed to satisfy this standard. Preston has not presented clear and convincing evidence to show the state trial court's ruling resulted in a decision that is contrary to, or involved an unreasonable application of, clearly

established federal law, or the ruling was based on an unreasonable determination of the facts in light of the evidence presented. To the contrary, the record shows the state trial court correctly applied Strickland to Preston's claim. See Owens v. Wainwright, 698 F.2d 1111 (11th Cir. 1983)(Petitioner's trial counsel was not ineffective due to his failure to consider filing motion to suppress Petitioner's confession or investigate a possible insanity defense where the motion for suppression had no chance of success).

Ground one does not warrant habeas corpus relief.

## Ground Two

**WHETHER PRESTON WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY VIRTUE OF TRIAL COUNSEL'S FAILURE TO PREPARE A PROPER DEFENSE IN PRESTON'S BEHALF AFTER PRESTON ADVISED COUNSEL HE FELT THE DETECTIVES PLANTED CERTAIN DNA EVIDENCE.**

In ground three of Preston's July 27, 2001, motion for postconviction relief, Preston alleged counsel was ineffective for failing to prepare a defense that police planted the victim's blood and Preston's blood on items recovered from Johnson's residence. (Resp. Ex. 002 at 69-72). Preston claims neither his codefendant, nor other state witnesses told detectives Preston wore tennis shoes on the night of the offense. Preston further claims that on the night of the crime he wore pants that covered the shoe where the blood was found. Therefore, according to Preston, it is unrealistic that two people would bleed and leave one small drop of blood on the area where the blood was found. Preston claims that had trial counsel prepared this defense, Preston would have proceeded to trial.

In its June 5, 2003, final order denying Preston postconviction relief, the state trial court noted that during Preston's March 27, 2003, hearing on his postconviction motion,

Preston stated he and his trial counsel discussed Preston's theory that the police planted the victim's blood on items removed from Johnson's residence. (Resp. Ex. 007 at 210-211). Detective Brackett, the detective who originally discovered the items, stated during a pre-trial deposition, that it was Preston's co-defendant who initially told him Preston wore tennis shoes the night of the crime. However, in Brackett's police report, the detective stated that another witness, Marian Scaggs, told Brackett Preston was wearing tennis shoes.

Preston's trial counsel testified that had Preston chosen to proceed to trial, counsel would have cross-examined Detective Brackett on this inconsistency in the hope the jury would find the detective's recollection flawed. (Resp. Ex. 006 at 460). Trial counsel further testified Preston did not provide counsel any additional information that would suggest, nor did trial counsel become aware of any information to suggest, that this discrepancy was anything other than minor confusion on the part of Detective Brackett. Based on this testimony, the state trial court, in its June 5, 2003, final order denying Preston postconviction relief, determined Preston did not meet his burden of proving the first prong of the Strickland test.  Preston has not presented clear and convincing evidence to show the state trial court's ruling resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented.

Ground two does not warrant habeas corpus relief.

### Ground Three

**WHETHER PRESTON WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY VIRTUE OF TRIAL COUNSEL'S FAILURE TO PREPARE AN ALIBI DEFENSE OR DEFENSE OF MISIDENTIFICATION.**

In ground four of Preston's motion for postconviction relief, he alleged trial counsel was ineffective for not preparing an alibi defense or a defense of misidentification. (Resp. Ex. 002 at 73). Preston claims that on the evening of the crime, at 7:30 p.m. he was at a friend's place calling Johnson. Thereafter, Preston contends he called a taxi and went to see Johnson. Consequently, Preston claims he could not have committed the crime because he was several blocks away from the crime scene at the time of the crime. Preston claims that had trial counsel prepared an alibi defense of misidentification, he would have proceeded to trial.

During Preston's March 27, 2003, hearing on his postconviction motion, trial counsel testified he and Preston discussed at length the time-line of the crime. (Resp. Ex. 006 at 460). Counsel testified there were evidentiary reasons he chose not to file a formal notice of alibi on behalf of Preston: Preston's criminal report affidavit indicated law enforcement responded to the crime at approximately 7:30 p.m. Furthermore, Preston called the taxi at his friends' apartment at 7:37 p.m. Therefore, counsel concluded it was possible Preston was at the crime scene at the time of the offense. More importantly, counsel noted that pursuant to his investigation, there were at least three witnesses who placed Preston at the scene of the crime with his bicycle. (Resp. Ex. 006 at 460-461). Consequently, counsel did not believe Preston had a "pure" alibi defense pursuant to Fla. R. Crim. P. 3.200. As a result, counsel did not feel comfortable filing a notice of alibi. (Resp. Ex. 006 at 462).

In its June 5, 2003, final order denying Preston postconviction relief, the state trial court agreed with trial counsel's testimony that Preston did not have a "pure" alibi defense. (Resp. Ex. 007 at 212)  Based on counsel's testimony, the state trial court concluded Preston did not meet his burden as to the first <u>Strickland</u> prong.

With respect to the misidentification defense, trial counsel testified he thought this was Preston's best defense. Counsel testified that he interviewed all of the State's witnesses regarding the time-line surrounding the crime, and was prepared to attack the witnesses on their ability to have seen what they thought happened. (Resp. Ex. 006 at 448, 485-86). Preston was not offered a plea deal by the State until the day of the trial. When the State offered a plea deal, counsel spoke to Preston at length regarding the strengths and weaknesses of proceeding to trial on a misidentification defense. (Resp. Ex. 006 16 at 486-87). Ultimately, Preston decided to accept the State's offer.

Based on counsel's testimony, the state trial court concluded Preston did not meet his burden of proving the first Strickland prong. Preston has not presented clear and convincing evidence to show that the state trial court's ruling resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented.

Ground three does not warrant habeas corpus relief.

**Ground Four**

**WHETHER PRESTON WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY VIRTUE OF TRIAL COUNSEL'S FAILURE TO CHALLENGE IN LIMINE ANY EVIDENCE OF POPULATION FREQUENCIES THE STATE MIGHT USE AT TRIAL.**

In ground one of Preston's Rule 3.850 motion for postconviction relief, he alleged trial counsel was ineffective for not challenging in limine any evidence of population frequencies the State might use at trial. (Resp. Ex. 002 at 59). Preston specifically alleged the DNA mixed stain results from his tennis shoes could have been excluded at trial

because the evidence would not have passed the Frye v. United States, 293 F. 1013 (D.C. Cir. 1923) standard. Neither of the State's proposed DNA experts, Dr. Yeshion and Ms. Melissa Suddeth, confirmed during their depositions that either was a statistician or population geneticist.

The Florida Department of Law Enforcement had no written policy on reporting population frequencies. Thus, because the DNA evidence was the most damaging evidence against Preston, Preston alleges he would have proceeded to trial had counsel not been ineffective for failing to file a motion in limine related to population frequencies.

On March 9, 2000, Preston's trial counsel filed a motion in limine to exclude specified results and interpretations of DNA testing conducted by the FDLE. In short, counsel challenged evidence of population frequencies the State might use at trial. Counsel, however, withdrew the motion on July 24, 2000. In its June 5, 2003, final order denying Preston postconviction relief, the state trial court noted counsel's undisputed evidentiary testimony regarding his original March 9, 2000, motion in limine. At the time the motion was filed, the method used by FDLE to test Preston's DNA evidence, the PCR method, did not include generally accepted population frequencies. (Resp. Ex. 007 at 209). Counsel further testified, however, that he withdrew his motion because the FDLE subsequently retested Preston's DNA evidence using another method, the STR method, which did provide population frequencies that have been generally accepted in the scientific community. The record supports the state trial court's findings of fact related to ground four. (Resp. Ex. 006 at 452-453).

In its order denying Preston postconviction relief, the state trial court noted that trial counsel testified he deposed the State's two DNA expert witnesses, Dr. Yeshion and Ms.

Melissa Suddeth, and also consulted with his own DNA expert. Thereafter, counsel considered filing a second motion in limine but made a tactical decision not to do so because the motion would have had little chance of success and in doing so, counsel would have enabled the prosecution to learn about his trial strategy. The record supports these findings. (Resp. Ex. 006 at 456- 458, 473-474).

As a result of counsel's evidentiary testimony, the state trial court determined Preston failed to demonstrate that his trial counsel's performance was deficient. See Shere v. State, 742 So.2d 215 (Fla. 1999)(defense counsel's strategic choices do not constitute deficient conduct if alternative courses of action have been considered and rejected). The state trial court further concluded Preston's claim that the testimony of the FDLE expert witnesses would have been excluded at trial because neither was a statistician or population geneticist was meritless. See Darling v. State, 808 So.2d 145 (Fla. 2002)(if a witness testifies about the general acceptance in the scientific community of the statistical methodology and databases employed, testimony about DNA population frequencies is admissible).

Finally, as noted by the state trial court, Preston's trial counsel testified he discussed the DNA results with Preston on several occasions, and told Preston why counsel did not think a second motion in limine would be granted. (Resp. Ex. at 474-475).  Thus, Preston had knowledge of the STR method of DNA testing prior to the time he pled. Based on counsel's testimony, the state trial court concluded Preston did not meet his burden of proving the first Strickland prong.

Preston has not presented clear and convincing evidence to show the state court's ruling resulted in a decision that is contrary to, or involved an unreasonable application of,

clearly established federal law, or the ruling was based on an unreasonable determination of the facts in light of the evidence presented.

Ground four does not warrant federal habeas corpus relief.

Accordingly, the Court orders:

That Preston's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Preston and to close this case.

ORDERED at Tampa, Florida, on March 22, 2006.

SUSAN C. BUCKLEW
United States District Judge


Counsel of Record

Mario Preston